1
2
3
4                            **UNITED STATES DISTRICT COURT**

5                                  **DISTRICT OF NEVADA**

6

7   ALCOHOL MONITORING SYSTEMS,            )
                                            )
8                        Plaintiff,         )         Case No.  2:13-cv-00399-GMN-
                                            )
9   vs.                                     )         **ORDER**
                                            )
10  SCOTT HOLPER,                           )         Motion for Leave to File
                                            )         Complaint Under Seal (#3)
11                       Defendant.         )
    _____)
12

13          This matter comes before the Court on Plaintiff's Motion for Leave to File Complaint

14   Under Seal (#3), filed on March 8, 2013.  Plaintiff filed the Complaint (Doc. #1) under seal on

15   March 8, 2013, alleging Defendant violated a confidential settlement agreement with Plaintiff.  The

16   Court ordered Plaintiff to provide a copy of the settlement agreement at issue, *see Order, Doc. #7*,

17   which Plaintiff filed under seal on March 19, 2013 (Doc. #9).

18          The Supreme Court has recognized a "general right to inspect and copy public records and

19   documents, including judicial records and documents."  *Nixon v. Warner Comm., Inc.*, 435 U.S.

20   589, 597 & n. 7 (1978).  A narrow range of documents is not subject to the right of public access

21   because the records have "traditionally been kept secret for important policy reasons."  *Times

22   Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989).  Unless a particular court record

23   is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point.

24   *Foltz v. State Farm Mutual Auto. Insurance Company*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing

25   *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).  The moving party must articulate

26   compelling reasons supported by specific factual findings that "outweigh the general history of

27   access and the public policies favoring disclosure."  *Kamakana v. City of Honolulu*, 447 F.3d 1172,

28   1178 (9th Cir. 2006) (internal citations omitted).

Although a "good cause" standard applies to motions to seal documents attached to non-dispositive motions, *see id.* at 1179-80, the "compelling reasons" standard applies to motions to seal all or part of a complaint. *See, e.g., In re NVIDIA Corp. Derivative Litigation*, 2008 WL 1859067, *4 (N.D. Calif., April 23 2008). Compelling reasons sufficient to justify sealing court records exist "when such court files might [...] become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (internal citations omitted).

Plaintiff moves to seal its entire Complaint. The Complaint alleges Defendant, an attorney, violated a confidential settlement agreement by advertising that Defendant's client received a settlement from Plaintiff. The advertisements also allegedly disclose the amount of settlement.[1] The agreement between the parties in the underlying settlement provides that "[n]o party shall disclose the fact or amount of Settlement without the prior written consent of the other party." *See Doc. #9* at 4. In "conscientiously balancing" the interests at stake, *see Foltz*, 331 F.3d at 1135, the Court finds that Plaintiff's interest in keeping secret the fact that a settlement occurred does not outweigh the strong presumption that the public have access to the Complaint. Plaintiff has opted to pursue this action in a public forum. "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179. In further balancing the interests, however, the Court does find compelling reasons to seal the amount of settlement and the material terms of the settlement agreement. Therefore, Plaintiff shall file an unsealed copy of the Complaint with the material terms of the agreement and the amount of settlement redacted. The copy of the agreement (Doc. #9) filed pursuant to the Court's Order (Doc. #7) and the original Complaint (Doc. #1) shall remain sealed.

The Court also notes that Plaintiff filed its Certificate of Interested Parties (CIP) (#2) under seal. Plaintiff did not seek leave to file the CIP under seal, and has not shown good cause for the

---

[1] In another cause of action for false advertising within the Complaint, Plaintiff alleges the settlement amount disclosed is inaccurate.

Court to seal its CIP.  Accordingly,

      **IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Complaint Under Seal (#3) is **denied**.

      **IT IS FURTHER ORDERED** that Plaintiff shall re-file within 14 days of the date of this Order an unsealed copy of its Complaint with the amount of settlement and other material terms of the settlement agreement redacted.

      **IT IS FURTHER ORDERED** that Plaintiff shall re-file an unsealed copy of its Certificate of Interested Parties.

      DATED this 26th day of March, 2013.


_____
GEORGE FOLEY, JR.
United States Magistrate Judge